May it please the court my name is Stephen Potts I represent the plaintiff and appellant Randall Knowles. This is a case in which there are several issues and several of them or some of them are tied to the issue of service of process first of all. Let me ask you a question on that. Yes sir. Let's say the service of process was improperly quashed by the district court. He didn't give any reasons for quashing it. He says I find the quashing of the service of process is insufficient. It may be because LFG was never a registered insurance company with the commissioner of insurance and therefore service on the commissioner of insurance is about as effective as service on the belt captain at the Washington Athletic Club. So put that to one side. Let's suppose that he was wrong about quashing service. But he quashed it. Now you had 120 days to serve again properly. Then there was a motion to dismiss was entered. You didn't oppose that motion to dismiss. Mr. Knowles didn't. So no harm no foul. Now tell me why I'm wrong. Well first of all I don't know that I can tell you everything because I don't think I've addressed that. I don't think it's been decided the case on anything the record supports. So address it now. Okay. Well I don't think it would affect the motion to remand. All right. I mean I think you had a chance to serve in 120 days. There was a motion to dismiss because you hadn't served. You didn't ask for an extension on the hearing of the motion saying hold a judge will serve him. You went to the hearing and you lost on that. I don't even know if you opposed it. So what does the motion to quash have to do with this appeal in view of the fact that you didn't contest your motion to dismiss for not having served. Well I think because if the I mean if the motion to quash was because you served the wrong person the insurance commissioner you should have served whoever was the authorized agent for service of process of LFG. And you had 120 days to do it and you didn't do it. And there was a motion to dismiss because you hadn't served. What does it matter if the judge was wrong about the motion to dismiss. I think it affects the motion to remand because my understanding is. You haven't served him with 120 days of the motion to quash being entered. You're going to get served with another motion to dismiss for failure to serve. And the judge is going to say just as I said before you're out. Okay. All right. Well I believe that. I hate to interrupt you. Well I guess the rest of your argument. I think the case was removed in late May of 2004 and there were problems with the with the notice of removal. The judge ordered that the defendant amend that. And it was. And we made a motion to remand about the same time that the notice was being amended. And then we made another motion to remand right after it was amended. And our position is and I think the law is that all defendants who've been served have to join in the notice of removal. So it's our position that Lincoln Financial Group was served and I can explain that in a minute. And they did not. They did not join in the removal. Therefore our position is that the removal was defective and the case should have been remanded. So there is one point with the judge improperly quashed service of process. And I think his nunk protunk order was July 12th. June or July of 2004. At that point in time the case either had been or was properly being. I should say not properly but the amended notice of removal was being filed at right around that point in time. We had to make our motion to remand right away. Within 30 days at the outside. So if the service of process was improperly quashed it seems to me that there was a duty on behalf of the defendants to all join in the notice of removal. Even the party who had been dismissed from the case? Well the party had not been dismissed. It had never been brought in. Well we think it was brought in but it hadn't been dismissed at that point. So as a party who has won a motion to quash service on him to say well notwithstanding I want to join another was successful in their motion to quash. You wanted them to join some sort of a motion to remove? Well first of all I don't think LFG was successful. It never made a motion to quash. Lincoln National made a motion to quash LFG's service. Notwithstanding that you wanted LFG to join with Lincoln National? Yes because I don't understand the basis for it. Let me show you why service of process was valid. Why didn't you reserve LFG? I guess that I can't explain that at this moment. The other question which I think is more important. Is there any basis whatsoever for taking this appeal after the ruling of the court on your man being an independent contractor? Is there a basis? Yes I think there's a basis. What's the error that the court made in finding that your man was an independent contractor and that there was no implied contract to reimburse him as an independent employee? Well the error is that there is an implied contract whether he's an independent contractor or not. Did you object to the undisputed statement of facts which was filed by the defendant insurance company? For the most part no. And did you file your own undisputed statement of facts which in any way contradicted the statement of facts of the insurance company? Generally I would have to say no. I would have to go down through each. You have to say no, not a third question. What evidence is there that there was any implied contract in the record? You didn't file any undisputed statement of facts. You didn't object to the defendant's statement of facts. Is there anything that the defendant said in its undisputed statement of facts which gives rise to a reasonable inference that there was an implied contract to reimburse? If so, please point it out to me. Well I think that as an agent, that's when the law implies that duty. If there was wording from the defendant that said we will reimburse you for these expenses, then that would be an express contract. And you say that the fact that the term agent was used on one of his contracts is sufficient to make the determination that there was an implied reimbursement? Well, that would be one thing. But he was an agent. He was an agent for these companies, selling their policies. And you No, I'm not saying that. I'm saying that he's an agent whether he was an independent contractor. And I'm saying that even if he was an independent contractor, for some purposes he was an employee. I'm saying that there are areas of law where there's a different distinction made between independent contractors and employees. Workers' comp, for example. Unemployment. Income tax and Social Security tax. If someone's an independent contractor, then you don't withhold taxes from their wages. You report their compensation on a 1099. Those are all different areas of law than this area of law. Under Montana law, what Mr. Knowles did falls within the definition of employment under the statutory definition. Section 39-2-101. And what facts in the record allow us to find that under Montana law he was an employee? The facts are that, well, the statute says. No, no, no. Tell me, let me be precise. What factual proof is there in any affidavit or in any declaration on the penalty of perjury or in any undisputed statement of facts that this man was an employee under Montana law? Please give me the citation You know, let me interject for just a moment. I'll make this your choice. If you would prefer to let the other side argue while you look this up and then respond to that question, that would certainly be all right with us. Okay. You want to do it that way? Sure. Save that time for me. Okay. Senator, you've got eight and a half minutes or so left, so. Good morning, Your Honors. May it please the Court, my name is Stephanie Oblander. I represent the defendant, Lincoln National Life Insurance Company. I have at counsel table Sally Corbett, who is senior counsel for Lincoln National Life Insurance Company. If it would please the Court, I'd like to at least start with addressing issue two in our brief, which is the merits of the remand motion. The sole basis here for the remand was the non-joinder of Lincoln Financial Group, which I'll refer to as LFG. Obviously, as we pointed out in our brief, the rule in the Ninth Circuit is that only properly joined and served defendants need to join in the removal petition. We have two issues here why LFG's consent or joinder was not required. First of all, they weren't properly served. The standard of review is abuse of discretion on this issue. I know there was a difference of opinion. Appellant had indicated he believes it's de novo. I think the case law is right on point. That's abuse of discretion. The fundamental question here really comes down to, in a nutshell, when counsel sent out the service papers to the insurance commissioner that second time around, was he asking the insurance commissioner to acknowledge service on behalf of LFG or my client, Lincoln National? Well, the record is very clear on this. At excerpts of record page 28, we have the affidavit of Steve Potts. And he says, and I quote, on May 6, 2004, the deputy commissioner of insurance acknowledged service of process on behalf of Lincoln Financial Group. That ends the inquiry about who Mr. Knowles was seeking to be served through the insurance commissioner. There's absolutely no dispute in this record before your honors that LFG was a non-registered non-insurer. They did not enter into any contracts of insurance. That record is very clear. And I can't underscore enough the importance of this issue to insurers who do business and register. This is a mandatory appointment program we have here. The tradeoff to having to designate the insurance commissioner as your appointed agent for service of process is that there's certainty. There's certainty that this insurance company, if they receive service papers from the insurance commissioner, only they and their interests are on the hook here or affected by the service. Not anybody else's. Let me ask you this. Apparently, the rule is that properly served defendants have to join in the motion to remove. Now, LFG exists only as a trade name, as I understand. That's correct. So let's assume LFG, the trade name, for some way or another was properly served. How would it join in the motion to remand if it doesn't exist? That's a very good question, your honor. That's a very good question. And that's our problem here when you have, this is a contract-based action. He's alleging that his claims are based on contract. You have the contracts in front of you. You can clearly see who the parties to the contracts It would be a little bit like suing General Motors and Chevy and saying Chevy didn't join General Motors in the motion to remand. Exactly. So this is a very important issue for insurers, and we just want to emphasize that. Technical noncompliance in service issues, it matters. And this is a very good example of why we need to have certainty through this mandatory The real defendant here, Lincoln National Life Insurance Company, apparently could be served as a defendant by serving the commissioner, by serving LFG as the name under which Lincoln Financial Life was doing business or whatever. And then you mail the papers to Lincoln National Life and you could properly serve Lincoln National Life in that fashion. It's a little awkward, but I think you know what I'm saying. Certainly. And even in the face of a technical noncompliance issue, that being that when Lincoln National did receive the service papers the first time around, when the insurance commissioner acknowledged for Lincoln National, they received a summons for LFG. I don't know how that happened, but we said, look, we're not going to argue that. We're a party to these contracts. We're going to step in. We're not going to make the plaintiff reserve and all of that business. So we did step in, and that's why I think this issue is so important, because I think you have to draw the line here at a trade name. So the other reason that LFG was not required to join in here is that I believe they're a nominal party. LFG is what I would consider. Well, they're a nominal party in the case in that there is no contract that LFG is a party to that his claims could possibly be based on. He has named LFG as a party defendant, but under the Ninth Circuit rule, nominal parties or improperly joined parties need not join or consent into the. In fact, you've got a belt and suspenders argument. Number one, wasn't served. Number two, even if we concede for purposes of argument served, this is not a properly joined party. Correct. Absolutely. Absolutely. Okay. The next issue. Okay. If your honors would like, I'd just briefly address the substantive issue, which is the underlying liability or lack of liability, I should say, to indemnify Mr. Knowles under these contracts. You might make it in 10 minutes. Okay. Real briefly, I recognize the standard of review on the lower court's summary judgment decision here as de novo. Initially, the terms independent contractor and employee are mutually exclusive terms. I don't think there's any question about that. I know that appellant has seized on some phraseology in certain cases where courts have loosely used the term employment. But in each of these cases that the appellant has cited, the court has either found the individual to be an independent contractor or an employee, not an independent employee. That term does not exist and is not recognized. The court made it clear. The lower court made it clear. He put Mr. Knowles on notice when he said, look, there is no law that recognizes your theory here. And that's part of the reason why we are seeking damages on appeal for this frivolous appeal. We have 88 facts, 88 facts that we put in our uncontested statement of facts on our summary judgment motion, none of which were opposed at all by Mr. Knowles. Let me ask you this. You're seeking damages for a frivolous appeal. Correct. Is there anything on the record which tells us how much you're seeking and why you're seeking it? Or are you seeking a remand to our appellant commissioner for the termination of damages? Yes, we're seeking a remand to our appellant commissioner. Obviously, when we filed the brief, we didn't know what our expenses and time incurred would be. So that would be the appropriate disposition on our motion for damages. I can certainly go into greater detail on the independent contractor employee issue if your honors wish. But just briefly, I would like to address this. Does Mr. Knowles claim he was sort of a hybrid independent employee? Yes, that's what he's claiming. But unfortunately, there's simply no law that supports his position on that. And as I said, every single case that he has cited to supposedly support this position, the courts have clearly said the person was either an independent contractor or an employee. I mean, those were the rulings of the court. So there's just absolutely no authority to support that position. And it would be one thing if he came in with commentary, secondary authority, where there was some cases from other circuits or something that were looking at this issue. It was sort of a cutting-edge issue. But he's going back in time to, you know, cases that are 80 years old. And to me, that's frivolous. That's very frivolous. Just real quickly on the implied agency theory, he has never said and never claimed that my client breached any obligation found within the four corners of these three contracts. Never claimed that. His claim is that there is this implied obligation found outside the four corners of the contract, and that's his basis for this implied indemnification agent theory. The problem is that in those cases where the courts have found, and for example, the case Marie Dionner or Denner, the Montana case that he cited for the first time below in his motion to alter or amend the judgment, in that case, you're talking about an agent who acts in accordance with the terms of the agreement it has with the principal. You're talking about authorized actions. You're talking about actions that are consistent with the party's agreement. The authority of the agent is absolutely critical when you're evaluating whether there's such a claim as Mr. Knowles presents. And in this case, he simply cannot escape the fact that the agent's compensation is addressed in each of these three agreements. And secondly, that the contracts specifically say Mr. Knowles is precluded or prohibited from incurring liabilities on behalf of Lincoln. Now, if he is in fact acting in an agency capacity, every single thing he supposedly does under these contracts, he's doing on behalf of Lincoln. So if he's incurring business expenses in this agency capacity, he's doing that for Lincoln. So that language, prohibiting the incurring of liabilities on behalf of Lincoln, is absolutely the death knell of his case, his claim. And just briefly, Your Honor, I don't want to leave any stones unturned. This is our only chance. It's a real privilege to be in front of Your Honors. Real quickly, I would just address this issue of whether we've raised a, quote, false conflict of law. I know that's the claim that we've the law is the same, and so we've just presented a false conflict. Truly, the law regarding the test for whether somebody is an independent contractor or an employee, that law in Indiana and Montana does differ slightly. That's absolutely the case. We had to show the court what the law is in both states so that we could support our conclusion that, look, it really doesn't matter whether you're applying Indiana law or Montana law. The conclusion is the same, and that's exactly what Judge Haddon found below. He went above and beyond what he really needed to do, in my opinion, in giving the plaintiff the opportunity to file this offer of proofs and points of authorities to clarify on what basis Mr. Knoll's implied agency theory was based. And I think he did a great job below, and the proof's in the pudding, or the lack thereof, I should say. He just had no authority to support this claim, and that's the beginning and end of his position. So thank you, Your Honors. I'll end there. Thank you very much for your response. Well, regarding the factual record, whether my client is an agent or employee at all, I have to – I would refer the court to pages 70, 71, 226 through 228, and 247 of the excerpts of record. And it seems – I understand their argument on employee, but it seems obvious to me that this man was an agent of these companies. He was outselling him. He was an insurance agent, essentially. So whether he's an employee or an agent, even the employee part of it, it all stems from agency law. It's one of the fundamental precepts of agency law. Well, you can either be an employee and an agent, or you can be an independent contractor and an agent. Okay. So he's an agent, but he's an insurance agent. Okay. But I'm not sure that gets you where you want to get. Well, I think even if he's an independent contractor, he's still an agent. And under the law of agency, he has the right to – now, maybe he doesn't have the right – Let me ask you a question. Okay. Suppose that Mr. Knowles went to a restaurant here in Seattle while he was under contract to Lincoln National and ran up a $100 bill and didn't have any money, didn't have any credit cards. Do you think the restaurant could get the $100 from Lincoln National because Mr. Knowles said, I was entertaining a client? Not necessarily at all. Because it says, you cannot incur any indebtedness or liability as against Lincoln National. Now, if Lincoln National wasn't liable for that lunch, right, what makes you believe that if Mr. Knowles paid it off, he could then stick Lincoln National for that lunch? Well, first of all, I don't think – I don't think it's really fair to talk in terms of sticking Lincoln National for the lunch. I'm not sure that the lunch – I mean, if he goes to lunch, I'm not sure that – No, he goes to lunch – I stipulate he goes to lunch with a prospective client of Lincoln National. Okay. Mr. Wombat, a very rich man who wants to buy some life insurance. Okay. So it's an expenditure in the ordinary and necessary course of business as far as the Internal Revenue Service is concerned to produce income. No question about that. All right. And let's stipulate further that Mr. Knowles doesn't say a word about any of the other insurance companies for which he works or any of the other plans that he works for under financial planner. Okay. The lunch – A problem he has a little bit on the proof because under Schedule C, he's trying to charge Lincoln National with a bunch of claims for business with other people. But leave that to one side. Just take my hypothesis. He doesn't pay it. You've agreed that Lincoln National doesn't have to pay it. If he does pay it, what gives him the right to get it back from Lincoln National? First of all, that contract provision, I don't think the contract provision says what they're saying it says. I'll tell you what it says. It says the agent agrees not to perform any of the following acts on behalf of Lincoln National. A, incur any indebtedness or liability. That's right. And I think that goes out and says that he can't set up an account at that restaurant in Lincoln National's name. He can't pass a bill to Lincoln National. Well, no, I don't think it says that. And you know, that was not raised or discussed in the lower court. That's something we're all hearing for the first time on appeal. That was not the basis for the summary judgment. So I don't think that contract provision means what you may be thinking it means, but nobody said that it did down there. We didn't get any chance to develop the record on that. You know, I think your position is perfectly logical to this extent. I think it's entirely possible to set something up under which the agent is entitled to reimbursement for expenses, but the agent is not empowered to make his principal liable to a third party for those expenses. I think those two things are entirely compatible. On the other hand, that doesn't get you where I think you need to get, which is to say that your guy is entitled to reimbursement for his expenses. I see nothing in here that makes him entitled to reimbursement for those expenses, and I see everything in the world that says he's an independent contractor, and the normal rule for an independent contractor is you bear your own expenses. I pay you $10,000, you're an independent contractor, you do your own business to figure out how to do it. Well, I'm just going to quote. This comes from the case of Easton v. George Washington Home and Son Ltd., 9th Circuit decision, 1905. Quote, it is a well-established principle which pervades the whole law of principal and agent that the principal is bound to indemnify the agent against the consequences of all acts done by him in the execution of his agency or in pursuance of the authority conferred upon him when the actions or transactions are not illegal. Their next sentence. Quote, the agent has the right to be reimbursed for all of his advances, expenses, and disbursements incurred in the course of the agency made on account of and for the benefit of his principal when such advances, expenses, and disbursements are reasonable and have been properly incurred and paid without misconduct on the part of the agent. So that's the law that I'm talking about. We never got to this case to find out whether a particular restaurant receipt or any particular expense fell within those standards or not. We didn't get that far. The summary judgment was granted on liability. Furthermore, if Mr. Knowles deducted these expenses on his Schedule C, which I think Judge Bay referred to, to the extent we ever get a recovery, that's simple. First of all, he's perfectly entitled to do that. As a tax matter, then, if he gets a recovery from Lincoln National, he has to include it on his return in the year that he does get it, if ever. Well, as I understood, you're asking for Lincoln National to pay him back monies that he spent on other insurance companies. Well, there again, that gets into the issue of what's reasonable and so on, and we can get to that point in this case, but we never did get to that point in this case. The judge did not say, I'm granting summary judgment against you because he had other insurance companies that he served as an agent for.  So that 1.0 is for one minute and two seconds left. Again, on the service of process, if you look at that Montana statute 25-5-104, I believe it is, when there's an association, in the case of McFeet v. Shelf, it shows the same type of association you've got here. A bunch of companies under one corporate umbrella, doing business, all using one name like Lincoln Financial Group. In that case, it was Farmers Insurance Group. When they're doing it that way, then you serve the association by serving any one of the companies, and that's what we did here. We served one of them, Lincoln National, and we can serve Lincoln National through the insurance commissioner's office because it's appointed the commissioner as its agent for service of process. That gets Lincoln National into the case. I didn't mean to interrupt. We served Lincoln National separately. We used the same procedure for them. We served a second summons on Lincoln Financial Group, care of Lincoln National Light. Let's see. We served a second summons on Lincoln Financial Group, care of one of the associates, Lincoln National Light, through its agent for service of process, which happens to be the Montana insurance commissioner. We served two summonses, two defendants, one statutory procedure, 25-5-104, to bring in the association, LFG. You have to serve the association under Montana law by serving one of those associates. Now, there might be 40 different companies. You only have to serve one if you look at that statute and look at the McFeet case. So who would sign the motion to remove LFG? There's nobody from LFG that can sign. Well, yeah, I guess nobody can sign. I'm assuming there's 20 to 40 companies. I don't know how many there are. There's a bunch. Any of them could sign it. I believe the law on diversity, when there's an association involved, is then that all of the companies comprising the association have to be of different citizenship with the plaintiff. So there's law on this whole idea of removing a case when there's an association. Then, if you're right, if anybody could sign it, any of those companies, why wasn't the signature of Lincoln National Life sufficient to represent Lincoln Financial Group? Why wasn't it? Yeah. It would do double duty, couldn't it? I don't know if I'm following you. Their signature.  Well, the notice of removal would be signed. We know that Lincoln National Life signed it, right? Now, you want some other signature. You told me that Lincoln Financial Group could be signed for by any of the 20 or 40 companies. My question is, well, why wasn't the signature of Lincoln National Life good enough? Well, first of all, both defendants can have the same attorney or they can have different attorneys, whatever they end up deciding on. Their attorney signs it. This notice of removal was clearly signed only on behalf of Lincoln National. So as long as they put down on behalf of Lincoln National and Lincoln Financial Group, it would have been okay? Yes. I think that's, as long as they both have the same attorney, sure. Okay. Okay. We've now managed to take you quite a bit over time. Okay.  Thank you both. Thank you very much. Thank you. Thank you. The case of Knowles v. Lincoln National Life Insurance Company et al. is now submitted for decision.
judges: Thompson, Fletcher, Bea